OPINION OF THE COURT
DAVIS, District Judge.
Appellant Manuel Antonio Linares-San-doval pleaded guilty to one count of conspiracy to possess with intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. § 846, and one count of possession with intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). The District Court imposed a below-Guidelines sentence of 78 months imprisonment and three years supervised release on each count, to run concurrently, as well as a special assessment of $200.00. Sandoval filed a timely notice of appeal.
Defense counsel has filed a motion to withdraw as counsel and has submitted a brief in support of the motion pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Sandoval was given notice of his right to file a pro se brief, but has not submitted such a brief. The United States has filed a brief in support of counsel’s motion. Because this case presents no non-frivolous issues for appeal, we will affirm the District *366 Court’s judgment and, in a separate order filed concurrently herewith, we will grant counsel’s motion to withdraw.
I.
Because we write solely for the parties, we will address only those facts necessary to our opinion.
In September 2003, “Maracas” paid an individual to drive a 1991 Pontiac Grand Prix, the battery of which contained five kilograms of heroin, from Texas to New Jersey. While en route, state troopers stopped the individual and discovered the heroin in the vehicle. The individual then agreed to act as a confidential informant (“Cl”) and make a controlled delivery of the heroin to New Jersey. Upon arriving in North Carolina, the Cl phoned Maracas, who told the Cl to contact Sandoval. The Cl then arranged to meet Sandoval in New Jersey. Sandoval paid the Cl $4,000.00 in exchange for the Pontiac containing heroin. After obtaining control of the vehicle, Sandoval drove the vehicle to a Burger King, where he was stopped in the parking lot by an officer. The officer impounded the vehicle, but released Sandoval. In April 2004, Sandoval applied for a position at the United States Embassy in Guatemala. A routine background check revealed that Sandoval was part of a pending DEA investigation. In February 2005, Sandoval was arrested and jailed in Guatemala. He was subsequently extradited to the United States in August 2007.
Sandoval was indicted for conspiracy to possess with intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. § 846, and possession with intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). On October 20, 2008, he pleaded guilty to both charges. District Judge Jose L. Linares conducted an extensive plea colloquy. Sandoval admitted to the acts charged in the indictment, including that he knew the vehicle contained heroin and that he intended to distribute the heroin. On February 10, 2009, after a thorough discussion of the Sentencing Guidelines and the applicable 18 U.S.C. § 3553(a) factors, the District Court imposed a below-Guidelines sentence of 78 months imprisonment and three years supervised release on each count, to run concurrently, as well as a special assessment of $200.00.
II.
The District Court had subject matter jurisdiction pursuant to 18 U.S.C. § 3231. This Court has appellate jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and exercises plenary review over an Anders motion. See Penson v. Ohio, 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988).
Third Circuit Local Appellate Rule 109.2(a) provides that “[wjhere, upon review of the district court record, counsel is persuaded that the appeal presents no issue of even arguable merit, counsel may file a motion to withdraw and supporting brief pursuant to Anders v. California, 386 U.S. 738 [87 S.Ct. 1396, 18 L.Ed.2d 493] (1967)....” When counsel submits an An-ders brief, our inquiry is twofold. First, we must consider “whether counsel adequately fulfilled [Third Circuit Local Appellate Rule 109.2’s] requirements.” United States v. Coleman, 575 F.3d 316, 319 (3d Cir.2009) (quoting United States v. Youla, 241 F.3d 296, 300 (3d Cir.2001)). Counsel must “satisfy the court that [he] has thoroughly examined the record in search of appealable issues” and “explain why the issues are frivolous.” Youla, 241 F.3d at 300 (citing United States v. Marvin, 211 F.3d 778, 780 (3d Cir.2000)). “Counsel need not raise and reject every possible claim. However, at a minimum, he or she must meet the ‘conscientious examination’ standard set forth in Anders.” Youla, 241 F.3d at 300. Second, *367 this Court must conduct an independent review of the record and determine whether there are any non-frivolous issues for appeal. Coleman, 575 F.3d at 319. If counsel’s Anders brief is adequate, we con-fíne our review to the issues presented in counsel’s brief and any pro se brief submitted by the defendant. See Youla, 241 F.3d at 301. However, even if counsel’s brief is inadequate, we may still dismiss the appeal if it presents only patently frivolous issues. See Marvin, 211 F.3d at 781.
III.
Counsel’s Anders brief is adequate. When a defendant pleads guilty, three potential issues remain available on appeal: (1) the jurisdiction of the court below; (2) the constitutional and statutory validity of the plea; and (3) the reasonableness and legality of the sentence imposed. See United States v. Broee, 488 U.S. 563, 569-76, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989). Counsel focuses his discussion on the knowing and voluntary nature of Appellant’s guilty plea as well as the reasonableness of Appellant’s below-Guidelines sentence.[1] Counsel’s conscientious examination of the plea colloquy and sentencing hearing transcripts reveals no non-frivolous issues for appeal.
In counsel’s Appendix, he includes Appellant’s “pro se appeal papers.” See App. 1-14. These papers detail the sentencing variances that Appellant originally sought and that the District Court carefully considered. Specifically, Appellant sought consideration for the time he served in a Guatemalan jail while awaiting extradition. He argued not only for credit for this time but also for consideration of the “hard conditions” he endured in the Guatemalan jail. In addition, Appellant sought consideration for his status as a deportable alien and the possible unwarranted sentencing disparity that could result from this status. These papers were not submitted directly to this Court and appear only in the Appendix of counsel’s brief. Even so, they fail to raise a non-frivolous issue for appeal as the District Court thoroughly considered these arguments and sentenced Appellant accordingly. After conducting our own independent review and considering all of the issues raised in counsel’s brief and Appellant’s pro se papers, we find that there are no non-frivolous issues for appeal.
A guilty plea is valid if it was entered “knowing[ly], voluntarily] and intelligent[ly].” United States v. Tidwell, 521 F.3d 236, 251 (3d Cir.2008). In challenging the voluntariness of a guilty plea, a defendant must establish that the trial court failed to comply with the requirements of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and Federal Rule of Criminal Procedure 11(b). See United States v. Schweitzer, 454 F.3d 197, 202-03 (3d Cir.2006). In this case, the District Court and the Government informed Sandoval of the nature of the charges against him, the underlying conduct that the Government would prove at trial, the rights he would be waiving by entering a guilty plea, and the consequences of pleading guilty to the offenses, including the possible penalties. Sandoval specifically admitted that he committed the acts outlined in the indictment, he knew the vehicle contained heroin and intended to distribute that heroin, and he was satisfied with his representation. The District Court found that his plea was knowing and voluntary. Based on this record, we find no appealable issue of merit as to the *368 validity or voluntariness of Sandoval’s guilty plea.
We will affirm a district court’s sentence if it is both procedurally and substantively reasonable. See United States v. Tomko, 562 F.3d 558, 567 (3d Cir.2009); Gall v. United States, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). We review a sentence under the deferential abuse of discretion standard. Tomko, 562 F.3d at 567. In imposing a procedurally proper sentence, the District Court must: (1) correctly calculate the proper Guidelines sentence; (2) formally resolve any departure motions; and (3) exercise its discretion in determining the applicability of any relevant 18 U.S.C. § 3553(a) factors. See United States v. Gunter, 462 F.3d 237, 247 (3d Cir.2006). We evaluate the substantive reasonableness of a sentence based on the totality of the circumstances. Tomko, 562 F.3d at 567.
The District Court’s sentence was reasonable. First, the District Court correctly determined Sandoval’s Guidelines range as 87-108 months. Second, neither the Government nor Sandoval requested any Guidelines departures. Third, the District Court thoughtfully considered Sandoval’s 18 U.S.C. § 3553(a) arguments in favor of a below-Guidelines sentence, and, in fact, imposed a below-Guidelines sentence of 78 months. The District Court heard arguments regarding Sandoval’s time and experience in the Guatemalan jail as well as the potential sentencing disparity that could result from his status as a deportable alien. The District Court clearly gave meaningful consideration to all of the applicable 18 U.S.C. § 3553(a) factors and made an individualized assessment based on the facts presented. See Tomko, 562 F.3d at 567-68. In addition, the District Court provided sufficient justification on the record to support its sentencing conclusions. See id. at 567. The record clearly demonstrates that the District Court evaluated the reasonableness of a Guidelines sentence in light of the seriousness of the offenses and Defendant’s role therein, Defendant’s lack of criminal history as well as his family circumstances, the application of the “safety valve” provision, the length of time Defendant spent in a Guatemalan jail and the allegedly hard conditions he endured therein, and the potential additional time Defendant might serve as a result of his immigration status. See App. 103-08. Accordingly, there is no appealable issue of merit as to the legality or reasonableness of Sandoval’s sentence.
IV.
For the foregoing reasons, we will affirm the District Court’s judgment and, in a separate order, grant counsel’s motion to withdraw. We further hold that “the issues presented in the appeal lack legal merit for purposes of counsel filing a petition for writ of certiorari in the Supreme Court.” 3d Cir. L.A.R. 109.2(b).

. Although counsel does not raise the issue of the lower court’s jurisdiction, such an argument would be patently frivolous as the District Court has subject-matter jurisdiction over all offenses against the laws of the United States pursuant to 18 U.S.C. § 3231. Thus, counsel was not required to raise this issue.